UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:                                            CIVIL ACTION
WILLIAM MATTHEW BLACK

CASE NO. 16-13200

SECTION: "G"(5)

**ORDER AND REASONS**

Before the Court is William Matthew Black's ("Black") appeal from the United States Bankruptcy Court's July 20, 2016 Order issuing sanctions against Black's counsel in his Chapter 11 bankruptcy proceeding. Considering the briefs filed by the parties, the record and the applicable law, for the reasons that follow, the Court will affirm the Bankruptcy Court's July 20, 2016 Order.

**I. Background**

On July 31, 2015, Black filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1] Joanne and Walter Gallinghouse, Gallinghouse & Associates, Inc., and G & A Publishing (collectively, "the Gallinghouse entities") filed several proofs of claims as creditors against the bankruptcy estate of Black, arising from a civil judgment against Black and a criminal judgment against his former wife Deborah Black.[2] The Gallinghouse entities also filed an adversary proceeding against Black seeking to have the debt owed to them under the state court judgment against Black be declared non-dischargeable under 11 U.S.C. § 523(a),[3] and Black filed an adversary proceeding against the Gallinghouse entities seeking to avoid the civil judgment as a

---

[1] Bankruptcy Rec. Doc. 1, Case No. 15-11935 (Bankr. E.D. La).

[2] Bankruptcy Rec. Doc. 13 at 11–12, Case No. 15-11935 (Bankr. E.D. La).

[3] Bankruptcy Rec. Doc. 1, Case No. 15-1071 (Bankr. E.D. La).

preference under 11 U.S.C. § 547.[4] On June 6 and 7, 2016, the Bankruptcy Court conducted a trial on the complaint of the Gallinghouse entities, the adversary complaint of Black, and on Black's objections to the Gallinghouse entities' proofs of claims.[5]

During the trial, counsel for Black attempted to present testimony of an expert whose opinions were not previously disclosed to the Gallinghouse entities and related evidence that was not previously disclosed.[6] The Gallinghouse entities objected to the introduction of the testimony and evidence, and the Bankruptcy Court excluded the testimony and evidence from trial.[7] Black's counsel sought to make a proffer of the evidence, and the Bankruptcy Judge, as the finder of fact, excused himself from the courtroom while the proffer was made into the record in order to preserve the issue for appeal.[8]

Both parties subsequently submitted post-trial memoranda to the Bankruptcy Court.[9] The Gallinghouse entities then filed a "Motion to Strike Post-Trial Memoranda and for Rule 11 Sanctions," arguing that the memoranda submitted by Black made reference to the evidence that was excluded at trial.[10] In response to the Gallinghouse entities' motion to strike, Black filed amended post-trial memoranda removing the references to the excluded evidence.[11] On July 13,

---

[4] Bankruptcy Rec. Doc. 1, Case No. 15-1073 (Bankr. E.D. La).

[5] Bankruptcy Rec. Doc. 96, Case No. 15-11935 (Bankr. E.D. La).

[6] Bankruptcy Rec. Doc. 101-1 at 2, Case No. 15-11935 (Bankr. E.D. La).

[7] *Id.*

[8] *Id.*

[9] Bankruptcy Rec. Docs. 99–100, Case No. 15-11935 (Bankr. E.D. La); Bankruptcy Rec. Doc. 32, Case No. 15-1073 (Bankr. E.D. La); Bankruptcy Rec. Docs. 56, 57, Case No. 15-1071 (Bankr. E.D. La).

[10] Bankruptcy Rec. Doc. 101, Case No. 15-11935 (Bankr. E.D. La).

[11] Bankruptcy Rec. Docs. 104–106, Case No. 15-11935 (Bankr. E.D. La); Bankruptcy Rec. Doc. 34, Case

2016, the Bankruptcy Court conducted a hearing on the motion to strike.[12] During the hearing the Bankruptcy Judge stated that he found Black's counsel's conduct "to be a very serious matter."[13] Therefore, the Bankruptcy Judge stated that, while he was not going to strike Black's amended post-trial memoranda, he was "going to sanction [Black's counsel] for a violation of the Court's order," which the Bankruptcy Judge found he had "inherent power to do without reference to Rule 11."[14]

On July 20, 2016, the Bankruptcy Court issued a written Order granting the motion to the extent that it requested that the following portions of Black's original post-trial memoranda be stricken from the record: (1) in Case No. 15-01073, document number 32; (2) in Case No. 15-01071, document number 56; and (3) in Case No. 15-11935, documents number 98, 98-1, 98-2, 98-3, 98-4, 99, 99-1, 99-2, 99-3, 100, 100-1,100-2, 100-3.[15] The Bankruptcy Court also granted the motion to the extent that it requested sanctions be assessed against counsel for Black "for the costs and legal fees associated with the preparation, filing and attendance at the hearing of the present Motion to Strike in the amount of $3,000.00."[16] The Bankruptcy Court denied the motion to the extent it requested that the amended post-trial memoranda be stricken from the record.[17] On

---

No. 15-1073 (Bankr. E.D. La); Bankruptcy Rec. Doc. 58, Case No. 15-1071 (Bankr. E.D. La).

[12] Bankruptcy Rec. Doc. 109, Case No. 15-11935 (Bankr. E.D. La).

[13] Bankruptcy Rec. Doc. 115 at 9, Case No. 15-11935 (Bankr. E.D. La).

[14] *Id.*

[15] Bankruptcy Rec. Doc. 110, Case No. 15-11935 (Bankr. E.D. La).

[16] *Id.* at 2.

[17] *Id.*

3

July 21, 2016, Black filed a notice of appeal of the Bankruptcy Court's July 20, 2016 Order.[18]

## II. Issues Raised on Appeal

### A. *Black's Appellant Brief*

Black argues that the Bankruptcy Court erred in ordering sanctions against his counsel for four reasons: (1) the Gallinghouse entities filed a "Motion to Strike Post-Trial Memorandum and for Rule 11 Sanctions" despite the requirement under Bankruptcy Rule 9011(c)(1)(A) that a Motion for Rule 11 Sanctions be made separately from other motions or requests; (2) the Gallinghouse entities never presented the motion for sanctions to Black's counsel before filing the motion as required by the Safe Harbor provisions of Rule 9011(c)(1)(A); (3) the Gallinghouse entities did not serve Black's counsel with a copy of the motion 21 days prior to filing the motion as required by Rule 9011; and (4) the offending papers had been revised in accordance with the issues enumerated by the Gallinghouse entities in their motion for sanctions.[19]

Black asserts that the Bankruptcy Court's decision to impose sanctions is discretionary, and so the exercise of the power is reviewed for abuse of discretion.[20] Black contends that a bankruptcy court abuses its discretion when it: "(1) applies an improper legal standard or follows improper procedures, or (2) rests its decision on findings that are clearly erroneous."[21] Here, Black argues that the Bankruptcy Court "did not follow the restrictive covenants contained within the revised Rule 9011 requirements" in ordering sanctions against his counsel, and so the Order was

---

[18] Rec. Doc. 1.

[19] Rec. Doc. 5 at 6–7.

[20] *Id.* at 7–8 (citing *Shipes v. Trinity Industries*, 987 F. 2d 311, 323 (5th Cir. 1993)).

[21] *Id.* at 8 (citing *Cahill v. Walker & Patterson, P.C. (In re Cahill)*, 428 F. 3d 536, 539 (5th Cir. 2005)).

4

clearly an abuse of discretion.[22]

Black contends that following the trial held on June 6 and June 7, 2016, the Bankruptcy Court ordered counsel to file post-trial memoranda.[23] According to Black, he attached four exhibits to the post-trial memorandum filed in Case No. 15-11935, and the Gallinghouse entities moved to strike the exhibits from the record because they were not offered into evidence at trial and sanctions were appropriate as a result.[24] Black contends that Exhibit 2 to his post-trial memorandum was admitted at trial as Trial Exhibit 239 and Exhibit 3 was admitted as Trial Exhibit 243.[25] Nevertheless, Black asserts that "upon review of the situation [his counsel] took a conservative approach and in response filed on June 30, 2016 a First Amended Brief/Memorandum on Objection to Proof of Claim No. 2 (Doc 104) removing Exhibits No. 1, (Trial Doc. 246); No. 2 (Trial Doc. 239) and No. 3 (Trial Doc. 243); leaving only [Exhibit 4] the Gallinghouse Proof of Claim No. 2 attached thereto."[26]

Black also notes that he hired Frank Tranchina ("Tranchina") as an expert in domestic relations and community property law to testify at the trial, but Tranchina did not prepare a report of his findings or proposed testimony.[27] According to Black, at trial the Gallinghouse entities objected to allowing Tranchina to testify, and the Bankruptcy Judge sustained the objection.[28]

---

[22] *Id.* at 8–9.

[23] *Id.* at 9–10.

[24] *Id.* at 10–12.

[25] *Id.* at 12.

[26] *Id.* at 13.

[27] *Id.*

[28] *Id.*

5

Black notes that the Gallinghouse entities' motion to strike Black's post-trial memoranda objected to the inclusion of Tranchina's expert report in Black's post-trial memoranda, and in response Black's counsel removed the offending language and exhibits from his post-trial memoranda.[29] Black asserts that Tranchina did not prepare an expert report, but he contends that Exhibit 2 was a sworn descriptive list of community property prepared by Tranchina, and Exhibit 3 was an analysis of the sworn descriptive list prepared by Black's counsel.[30] Black contends that both exhibits were removed from his amended post-trial memoranda after the Gallinghouse entities raised the issue in their motion.[31] Finally, Black notes that the Gallinghouse entities objected to the inclusion of references to the valuation of a Thrift Savings Plan account in the post-trial memorandum filed in Case No. 15-1071 and the post-trial memorandum filed in Case No. 15-1073, and in response Black's counsel removed references to the account from his amended post-trial memoranda.[32]

Addressing the first issue raised on appeal, Black contends that the Bankruptcy Court erred in ordering sanctions against his counsel because the Gallinghouse entities filed a "Motion to Strike Post-Trial Memorandum and for Rule 11 Sanctions" despite the requirement under Bankruptcy Rule 9011(c)(1)(A) that a Motion for Rule 11 Sanctions be made separately from other motions or requests.[33] Black contends that the Bankruptcy Court's decision allowing the Gallinghouse entities to file these motions in combination violated the clear language or Rule

---

[29] *Id.* at 14.

[30] *Id.* at 15.

[31] *Id.* at 16.

[32] *Id.* at 16–17.

[33] *Id.* at 17.

9011(c)(1)(A) and was therefore unreasonable.[34]

Turning to the second issue raised on appeal, Black contends that the Bankruptcy Court erred in ordering sanctions against his counsel because the Gallinghouse entities never presented the motion for sanctions to his counsel before filing the motion as required by the safe harbor provisions of Rule 9011(c)(1)(A).[35] He asserts that the Fifth Circuit has found that the safe harbor provisions are intended to "protect litigants from sanctions wherever possible in order to mitigate Rule 11's chilling effects, formalize procedural due process considerations, such as notice for the protection of the party accused of sanctionable behavior, and encourage the withdrawal of papers that violate the rule without involving the Court."[36] Black contends that the Fifth Circuit has held that strict compliance with Rule 11 is mandatory, and the Bankruptcy Court erred in not considering the safe harbor requirements.[37]

Addressing the third issue raised on appeal, Black contends that the Bankruptcy Court erred in ordering sanctions against his counsel because the Gallinghouse entities failed to serve the motion for sanctions to his counsel at least 21 days before filing the motion.[38] Black contends that the motion was served on his counsel the same day it was filed with the Bankruptcy Court and set for hearing 19 days later.[39] Therefore, Black asserts that the Gallinghouse entities failed to comply

---

[34] *Id.* at 18.

[35] *Id.*

[36] *Id.* at 19 (quoting *The Cadle Co. v. Pratt (In re Pratt)*, 524 F. 3d 580, 587 (5th Cir. 2008)).

[37] *Id.* at 19–20 (citing *In re Pratt*, 524 F. 3d at 586–87).

[38] *Id.* at 20.

[39] *Id.* at 21.

7

with the mandatory notice requirements found at Rule 9011, and the Bankruptcy Court erred in imposing sanctions without the service requirement being met.[40]

Finally, turning to the fourth issue raised on appeal, Black argues that the Bankruptcy Court erred in imposing sanctions because the offending papers had been revised in accordance with the issues enumerated by the Gallinghouse entities in their motion for sanctions.[41] Black notes that the Safe Harbor provision provides that a motion for sanctions be served on the offending party at least 21 days before filing the motion, and if during this period the alleged violation is corrected then the motion should not be filed.[42] Therefore, because his counsel corrected all issues raised by the Gallinghouse entities in the motion, Black contends that the Bankruptcy Court erred in ordering sanctions.[43]

## B.     *The Gallinghouse Entities' Appellee Brief*

The Gallinghouse entities argue that the Bankruptcy Court had inherent authority to issue sanctions against Black's counsel pursuant to 11 U.S.C. § 105(a) for willful disobedience of a court order.[44] The Gallinghouse entities contend that this case is distinguishable from *In re Pratt*, where the Fifth Circuit reversed a bankruptcy court's award of sanctions pursuant to Bankruptcy Rule 9011 because in that case there was no suggestion that the sanctioned conduct was in violation of court orders or that the sanctions were imposed pursuant to the bankruptcy court's inherent

---

[40] *Id.* at 21–22.

[41] *Id.* at 22.

[42] *Id.* at 24.

[43] *Id.* at 26.

[44] Rec. Doc. 6 at 9–10 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Case*, 937 F.2d 1014, 1023 (5th Cir 1991)).

8

authority.[45] Here, the Gallinghouse entities note that the Bankruptcy Judge found that sanctions were appropriate pursuant to the court's "inherent power . . . without reference to Rule 11."[46]

The Gallinghouse entities cite *Ginsbery v. Evergreen Sec., Ltd.*, an Eleventh Circuit opinion, upholding the issuance of sanctions pursuant to the bankruptcy court's inherent power, which the Eleventh Circuit concluded was "not affected by the safe harbor provision of Rule 9011."[47] The Gallinghouse entities also cite an order by a district court in the Southern District of Mississippi upholding sanctions imposed by a bankruptcy court pursuant to its inherent authority.[48] The Gallinghouse entities contend that "[t]he Post-Trial Memoranda submitted on behalf of Black was done with the intent to defy [Bankruptcy] Court Orders and prejudice the finder of fact (the [Bankruptcy] Court) by the submission of evidence which was held inadmissible."[49] Therefore, the Gallinghouse entities argue that the Bankruptcy Court properly exercised its inherent authority to enforce its prior orders by awarding sanctions.[50]

The Gallinghouse entities note that sanctions awarded pursuant to a federal court's inherent authority are reviewed under an abuse of discretion standard.[51] The Gallinghouse entities argue that Black has not shown an abuse of discretion by the Bankruptcy Court.[52] Instead, they contend

---

[45] *Id.* at 11 (citing 524 F.3d 580 (5th Cir. 2008)).

[46] *Id.* (citing Rec. Doc. 2-2 at 96).

[47] *Id.* (citing 570 F.3d 1257, 1273 (11th Cir. 2009)).

[48] *Id.* at 12 (citing *In re: Wyatt & McAlister, PLLC,* 2014 U.S. Dist. LEXIS 119018 (S.D. Miss 2016)).

[49] *Id.*

[50] *Id.*

[51] *Id.* (citing *Chaves v. M/V Medina Star*, 47 F.3d 153 (5th Cir. 1995)).

[52] *Id.*

that "Black's only basis for claiming that the abuse of discretion standard for reversal has been met is that Bankruptcy Rule 9011 does not permit him to be sanctioned."[53] However, because "the Bankruptcy Court did not rely on Rule 9011, but rather its inherent authority to act when its orders have been willfully violated," the Gallinghouse entities assert that "Black can provide no basis to suggest any erroneous view of the law."[54]

## C.   *Black's Reply Brief*

In his reply brief, Black points out that the Gallinghouse entities originally requested sanctions before the Bankruptcy Court in their "Motion to Strike Post Trial Memoranda and for Rule 11 Sanctions."[55] However, at some point, Black contends that the Gallinghouse entities realized they had not complied with the Rule 9011 safe harbor provisions when they filed the motion, and upon this realization they began to argue that sanctions should be issued for violation of the Bankruptcy Court's Order.[56] Black asserts that the Bankruptcy Court excluded the testimony of his expert witness, but he contends that there was no order excluding documents.[57] Black notes that his counsel "took immediate steps to withdraw any and all named 'Offending Documents' upon notification by the filing of the Motion to Strike and for Rule 11 Sanctions."[58] He argues that "[t]he action to amend and remove the offending documents was swift and caused no disruption

---

[53] *Id.* at 13.

[54] *Id.*

[55] Rec. Doc. 7 at 6.

[56] *Id.* at 7.

[57] *Id.*

[58] *Id.* at 8.

10

or delay in the proceedings before the [Bankruptcy] Court; and there was no finding of contemp[t] or bad faith."[59] Therefore, he asserts that the actions taken by his counsel were appropriate under the circumstances.[60]

Black notes that under 11 U.S.C. § 105 the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."[61] However, he also notes that the Fifth Circuit has explained that Section 105 "cannot alter another provision of the [Bankruptcy Code]," and "[a] Bankruptcy Court's supplementary equitable powers under § 105(a) may not be exercised in a manner that is inconsistent with the other more specific provisions of the Code."[62] Black contends that the Gallinghouse entities are "essentially asking the Court to use its equitable jurisdiction and Section 105 to expand the scope of recovery under Rule 9011."[63] However, Black avers that the Fifth Circuit has upheld Bankruptcy Court sanction awards issued pursuant to Section 105 based on conduct that would also give rise to sanctions under Rule 9011.[64] Moreover, Black argues that in *Chambers v. NASCO, Inc.* the Supreme Court recognized that "courts could use their inherent authority to sanction

---

[59] *Id.*

[60] *Id.* at 9.

[61] *Id.*

[62] *Id.* (quoting *In re Zale Corporation*, 62 F.3d 746, 760 (5th Cir. 1995)).

[63] *Id.* Black also cites opinions of other circuit courts of appeal finding that "the equitable discretion conferred upon the Bankruptcy Court by Section 105(a) is limited and cannot be used in a manner inconsistent with the commands of the Bankruptcy Code." *Id.* at 10 (quoting *In re Ludlow Hosp. Soc., Inc.*, 124 F.3d 22, 27 (1st Cir. 1997). *Id.* at 11 (citing *In re Myrvang*, 232 F. 3d 1116, 1124 (9th Cir. 2000); *In re Fesco Plastics Corp.*, 996 F. 2d 152, 154 (7th Cir. 1993); *IRS v. Kaplan (In re Kaplan)*, 104 F. 3d 589, 597–98 (3rd Cir. 1997); *Noonan v. Secretary of Health and Human Sevs. (In Re Ludlow Hosp. Soc'y, Inc.)*, 124 F. 3d 22, 27 (1st Cir. 1997)).

[64] *Id.* at 12 (citing *Sommers v. Barry (In re Cochener)*, 297 F. App'x 382 (5th Cir. 2008); *Friendly Fin. Discount Corp. v. Tucker (In re Tucker)*, 224 F. 3d 766 (5th Cir. 2000)).

11

parties even though procedural rules would also provide a remedy."[65] However, in *Chambers* Black contends that the district court issued sanctions for "fraud, filing false and frivolous pleadings, and engaging in delay, oppression, and harassment tactics."[66] Black asserts that none of these issues are presented here because there was "no finding of bad faith, contempt, fraud, delay harassment, or oppression."[67] Accordingly, Black submits that the Bankruptcy Court abused its discretion in issuing sanctions.[68]

### III. Jurisdiction

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of final orders, judgments and decrees of a United States Bankruptcy Court entered consistent with 28 U.S.C. § 157.[69] In appeals from bankruptcy courts, district courts sit as an appellate court.[70]

### IV. Standard of Review

A district court reviews a bankruptcy court's conclusions of law *de novo*, findings of fact for clear error, and mixed questions of law and fact *de novo*.[71] A district court may affirm, reverse or modify a bankruptcy court's ruling, or remand the case for further proceedings.[72] "As 'the

---

[65] *Id.* (citing *Chambers v. NASCO, Inc.*, 501 US 32 (1991)).

[66] *Id.* (citing *Chambers*, 501 U.S. at 41).

[67] *Id.*

[68] *Id.* at 13.

[69] 28 U.S.C. § 158(a)(1).

[70] 28 U.S.C. § 1334(b).

[71] *In re Nat'l Gypsum Co.,* 208 F.3d 498, 504 (5th Cir. 2000).

[72] Fed. R. Bankr. P. 8013.

imposition of sanctions is a matter of discretion for the bankruptcy court,'" the district court

reviews this issue under an abuse of discretion standard.[73] "A court abuses its discretion when its

ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the

evidence."[74]

## V. Law and Analysis

### A.    Sanctions under Bankruptcy Rule 9011

"Bankruptcy Rule 9011 is substantially identical to [Federal Rule of Civil Procedure] 11."[75]

Therefore, the Fifth Circuit has recognized that courts "may refer to Rule 11 jurisprudence when

considering sanctions under Rule 9011."[76]

Pursuant to Rule 9011(b) of the Federal Rules of Bankruptcy Procedure, by presenting a

filing to a bankruptcy court, an attorney "is certifying to the best of [his] knowledge, information,

and belief" that: (1) the filing is not being presented for an improper purpose such as to harass,

unnecessarily delay, or needlessly increase the cost of litigation; (2) "the claims, defenses, and

other legal contentions therein are warranted by existing law or by a nonfrivolous argument for

the extension, modification, or reversal of existing law or the establishment of new law;" (3) the

allegations and other factual contentions have evidentiary support or are likely to have evidentiary

support after an opportunity for  discovery; and (4) the denials of factual contentions are warranted

---

[73] *In re Pratt*, 524 F.3d 580, 584 (5th Cir. 2008) (quoting *In re Sadkin*, 36 F.3d 473, 475 (5th Cir. 1994)).

[74]  *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (quoting Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995) (quotation marks omitted)).

[75] *In re Case*, 937 F.2d 1014, 1022 (5th Cir. 1991).

[76] *In re Pratt*, 524 F.3d at 586 (citations omitted).

on the evidence or are reasonably based on a lack of information and belief.[77] Under Bankruptcy Rule 9011(c)(1) a bankruptcy court may impose sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated."[78]

Bankruptcy Rule 9011(c)(1)(A), which governs the procedure for filing a motion for sanctions, provides:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.[79]

Pursuant to Bankruptcy Rule 9011(c)(1)(B), a bankruptcy court may issue sanctions *sua sponte* after "enter[ing] an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."[80] If a motion for sanctions pursuant to Bankruptcy Rule 9011 is filed, the bankruptcy court may issue an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation.[81] However,

---

[77] Fed. R. Bankr. P. 9011(b).

[78] Fed. R. Bankr. P. 9011(c)(1).

[79] Fed. R. Bankr. P. 9011(c)(1)(A).

[80] Fed. R. Bankr. P. 9011(c)(1)(B).

[81] *Id.*

Bankruptcy Rule 9011(c)(2)(B) states that monetary sanctions under Bankruptcy Rule 9011 may not be imposed *sua sponte* unless the bankruptcy court issues a show-cause order against the party that is to be sanction.[82]

The Fifth Circuit has recognized that "the plain language of Rule 9011 mandates that the movant serve the respondent with a copy of the motion before filing it with the court,"[83] and the failure to comply with Rule 9011's safe harbor provisions "should result in the rejection of the motion for sanctions."[84] In *Elliott v. Tilton*, the Fifth Circuit noted that "[s]anctions may be ordered if the court, on its own initiative, enters an order describing the offending conduct and directing the offending parties to show cause why Rule 11 has not been violated."[85] However, the Fifth Circuit found that the safe harbor provisions precluded the imposition of sanctions under Rule 11 because "sanctions were imposed on motion of the opposing party and not on the court's own initiative."[86]

In the present case, it is undisputed that the Gallinghouse entities did not serve their motion for sanctions on Black and his counsel prior to filing the motion as required by Bankruptcy Rule 9011(c)(1)(A). Therefore, the safe harbor provisions precluded the imposition of sanctions under Bankruptcy Rule 9011.

---

[82] Fed. R. Bankr. P. 9011(c)(2)(B).

[83] *In re Pratt*, 524 F.3d at 586 (citations omitted).

[84] *Id.* (quoting *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006)).

[85] 64 F.3d 213, 216 (5th Cir. 1995).

[86] *Id.*

## B.     *The Bankruptcy Court's Inherent Powers to Sanction*

Although sanctions were not proper under Bankruptcy Rule 9011, the Fifth Circuit has also recognized that a bankruptcy court has inherent power to award sanctions for bad-faith conduct in a bankruptcy court proceeding.[87] In *Chambers v. NASCO, Inc.*, the Supreme Court held that federal district courts possess the power to assess attorney's fees as sanctions for bad-faith conduct in litigation, reasoning that such a power is one of the inherent or implied powers which a court must necessarily possess "to manage their affairs and govern their affairs so as to achieve the orderly and expeditious disposition of cases."[88] The Fifth Circuit has reasoned that "[t]hese principles [articulated by the Supreme Court in *Chambers*] are equally applicable to the bankruptcy court."[89]

The Fifth Circuit has recognized that a bankruptcy court must make "a specific finding that [the party] engaged in bad faith conduct" before imposing sanctions under its inherent authority.[90] In *Elliott v. Tilton*, the Fifth Circuit remanded the case to the lower court to determine whether a finding of bad faith was appropriate because while the court "clearly indicated its displeasure at [the party's] conduct of this case, it failed to make a specific finding of bad faith."[91] However, in *Blanco River, L.L.C. v. Green*, the Fifth Circuit held that "[w]hen bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the

---

[87] *Id.*

[88] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31, (19621)).

[89] *In re Case*, 937 F.2d at 1023.

[90] *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008) (citing *Elliott*, 64 F.3d at 217).

[91] *Elliott*, 64 F.3d at 217. *See also Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999) ("[T]he district court merely made general complaints about the sanctioned party," as it does not support the "required high level of culpability" of bad faith.).

16

sanction, the necessary finding of 'bad faith' may be inferred."[92] The Fifth Circuit stated that "it would be empty formalism to find an abuse of discretion for failure to invoke the magic words bad faith."[93] "A court abuses its discretion when its finding of bad faith is based on an erroneous view of the law or a clearly erroneous assessment of the evidence."[94]

In *Chambers*, the Supreme Court recognized that "[a]s long as the party receives an appropriate hearing, . . . the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders."[95] Moreover, the Fifth Circuit has held that violating a court order can constitute bad faith.[96] In *Sandifer v. Gusman*, a district court denied an attorney leave to enroll as co-counsel in a case.[97] The attorney then filed a related lawsuit (*Sandifer II*), and the district court struck the attorney from the case, finding that the attorney "clearly attempted to and did make an end run around [the *Sandifer I* order] by filing another suit."[98] Subsequently, the attorney filed another related lawsuit (*Sandifer III*), and, after a hearing, the district court sanctioned the attorney for violating its orders.[99] On appeal, the Fifth Circuit determined that "based on the record as a whole [it could not] say the district court abused its

---

[92] *Blanco River, L.L.C. v. Green*, 457 F. App'x 431, 438 (5th Cir. 2012) (quoting *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999)).

[93] *Id.* at 439.

[94] *Sandifer v. Gusman*, 637 F. App'x 117, 121 (5th Cir. 2015) (quoting *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001)).

[95] *Chambers*, 501 U.S. at 57.

[96] *Sandifer*, 637 F. App'x at 122.

[97] *Id.* at 119.

[98] *Id.* at 122.

[99] *Id.*

17

discretion in finding that [the attorney] violated those orders."[100] The Fifth Circuit held that the district court did not abuse its discretion in issuing sanctions because "[v]iolating those orders constitutes bad faith."[101]

During the trial in the instant case, counsel for Black attempted to present testimony of an expert whose opinions were not previously disclosed to the Gallinghouse entities and related evidence that was not previously disclosed.[102] The Bankruptcy Court excluded the testimony and evidence from trial.[103] Black subsequently submitted post-trial memoranda to the Bankruptcy Court, which made reference to the evidence that was excluded at trial.[104] The Gallinghouse entities then filed a "Motion to Strike Post-Trial Memoranda and for Rule 11 Sanctions."[105] The Bankruptcy Court conducted a hearing on July 13, 2016.[106] During the hearing the Bankruptcy Judge stated that he found Black's counsel's conduct "to be a very serious matter."[107] Therefore, the Bankruptcy Judge stated that, while he was not going to strike Black's post-trial memorandum, he was "going to sanction [Black's counsel] for a violation of the Court's order," which the

---

[100] *Id.*

[101] *Id.* at 122. *See also Chambers*, 501 U.S. at 57 ("As long as the party receives an appropriate hearing, . . . the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders." (citation omitted)).

[102] Bankruptcy Rec. Doc. 101-1 at 2, Case No. 15-11935 (Bankr. E.D. La).

[103] *Id.*

[104] Bankruptcy Rec. Docs. 99–100, Case No. 15-11935 (Bankr. E.D. La); Bankruptcy Rec. Doc. 32, Case No. 15-1073 (Bankr. E.D. La); Bankruptcy Rec. Docs. 56, 57, Case No. 15-1071 (Bankr. E.D. La).

[105] Bankruptcy Rec. Doc. 101, Case No. 15-11935 (Bankr. E.D. La).

[106] Bankruptcy Rec. Doc. 109, Case No. 15-11935 (Bankr. E.D. La).

[107] Bankruptcy Rec. Doc. 115 at 9, Case No. 15-11935 (Bankr. E.D. La).

Bankruptcy Judge found he had "inherent power to do without reference to Rule 11."[108]

As discussed above, a bankruptcy court must make "a specific finding that [the party] engaged in bad faith conduct" before imposing sanctions under its inherent authority.[109] However, "[w]hen bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the sanction, the necessary finding of 'bad faith' may be inferred."[110] Moreover, violating a court order can constitute bad faith.[111] Here, the Bankruptcy Court determined that Black's counsel violated its order excluding evidence and testimony from Black's expert at trial when he submitted post-trial memoranda which referenced the excluded evidence.[112] Indeed, the Court notes that after the evidence was excluded, the Bankruptcy Judge left the courtroom to allow Black to proffer the evidence into the record without the factfinder hearing the evidence. Nonetheless, Black submitted the excluded evidence to the factfinder in his post-trial memoranda. The Bankruptcy Court also found Black's counsel's conduct of submitting excluded evidence to the factfinder "to be a very serious matter."[113]

Although the Bankruptcy Court did not explicitly state that Black's counsel engaged in bad faith conduct, a finding of bad faith may be inferred. Here, the Bankruptcy Court specifically invoked its inherent power and noted that Black's counsel's misconduct was a very serious matter

---

[108] *Id.*

[109] *In re Yorkshire*, 540 F.3d at 332.

[110] *Blanco River*, 457 F. App'x 431, 438 (5th Cir. 2012) (quoting *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999)).

[111] *Sandifer*, 637 F. App'x at 122.

[112] Bankruptcy Rec. Doc. 115 at 9, Case No. 15-11935 (Bankr. E.D. La).

[113] *Id.*

19

and a violation of the Bankruptcy Court's order. Therefore, the finding of bad faith may be inferred from the record. Accordingy, the Bankruptcy Court did not abuse its discretion in issuing sanctions for violating its prior order pursuant to its inherent authority because the "finding of bad faith [was not] based on an erroneous view of the law or a clearly erroneous assessment of the evidence."[114]

### VI. Conclusion

For the reasons discussed above, the safe harbor provisions precluded the imposition of sanctions under Bankruptcy Rule 9011. However, the Bankruptcy Court did not abuse its discretion in issuing sanctions pursuant to its inherent authority. Accordingly,

**IT IS HEREBY ORDERED** that the Bankruptcy Court's July 20, 2016 Order is **AFFIRMED.**

**NEW ORLEANS, LOUISIANA**, this __18th__ day of July, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[114] *Sandifer*, 637 F. App'x at 121.